**KAHN SWICK & FOTI, LLC**
Kim E. Miller (NY-6996)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
E-Mail: kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
E-Mail: lewis.kahn@ksfcounsel.com

*Counsel for Lead Plaintiff Movant Douglas Rein
and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERRY PEACOCK, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DUTCH BROS INC., JONATHAN RICCI, and CHARLES L. JEMLEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:23-cv-01794-JLC-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DOUGLAS REIN
FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

**Page:**

I.      PRELIMINARY STATEMENT ................................................................ 1

II.     PROCEDURAL BACKGROUND......................................................... 2

III.    FACTUAL BACKGROUND................................................................ 3

IV.     ARGUMENT ...................................................................................... 4

        A.    Mr. Rein is the Presumptive "Most Adequate Plaintiff" and
              the Court Should Appoint Him Lead Plaintiff.............................. 4

              1.   Mr. Rein Filed a Timely and Procedurally Complete
                   Motion for Lead Plaintiff.................................................. 5

              2.   Mr. Rein Has the Largest Known Financial Interest
                   in the Relief Sought ........................................................ 6

              3.   Mr. Rein "Otherwise Satisfies" the Prima Facie Requirements
                   of Rule 23........................................................................ 7

        B.    Mr. Rein's Claims Are Typical of the Claims of All
              the Class Members..................................................................... 7

        C.    Mr. Rein Will Adequately Represent the Class ............................ 8

        D.    THE COURT SHOULD APPROVE MR. REIN'S
              CHOICE OF LEAD COUNSEL ................................................ 9

V.      CONCLUSION................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Carpenter v. Oscar Health*, Inc.,
  No. 22-cv-03885, 2022 U.S. Dist. LEXIS 175319 (S.D.N.Y. Sep. 27, 2022)............................ 6

*Daniels v. City of N.Y.*,
  198 F.R.D. 409 (S.D.N.Y. 2001)................................................................................................ 7

*Ferrari v. Impath*,
  No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ............................... 7

*In re Lucent Techs. Sec. Litig.*,
  194 F.R.D. 137 (D.N.J. 2000) ................................................................................................... 9

*In re Nortel Networks Corp.*,
  No. 01-cv-1855, 2002 U.S. Dist. LEXIS 1633 (S.D.N.Y. Feb. 4, 2002)................................... 9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004)............................................................................................... 6

*Rossini v. Ogilvy & Mather, Inc.*,
  798 F.2d 590 (2d Cir. 1986)..................................................................................................... 7

*Sofran v. Labranche & Co.*,
  220 F.R.D. 398 (S.D.N.Y. 2004)........................................................................................... 4, 5

*Wilder v. Bernstein*,
  499 F. Supp. 980 (S.D.N.Y. 1980)............................................................................................ 7

**Statutes**

15 U.S.C. § 78u-4(a)(1) .............................................................................................................. 4

15 U.S.C. § 78u-4(a)(2)(A).......................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(A).......................................................................................................... 6

15 U.S.C. §78u-4(a)(3)(B) .................................................................................................. passim

**Rules**

Fed. R. Civ. P. 23(a)(3).............................................................................................................. 8

Fed. R. Civ. P. 23(a)(4).............................................................................................................. 9

Fed. R. Civ. P. 6......................................................................................................................... 6

Douglas Rein ("Mr. Rein" or "Movant") respectfully submits this Memorandum of Law in support of his motion to: (1) appoint Movant as Lead Plaintiff in this action filed against Dutch Bros Inc. ("Dutch Bros" or the "Company") and other related Defendants, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act ("PLSRA"); (2) approve Movant's selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), provides that a court must appoint as lead plaintiff of a securities class action the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(i). Mr. Rein is the most adequate plaintiff in this matter because he timely moved to be lead plaintiff, has the largest financial interest in the litigation, and otherwise satisfies the representative requirements set forth in Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). For the reasons summarized herein and discussed more fully below, Mr. Rein's Motion should be approved in its entirety.

Mr. Rein fully understands his duties and responsibilities to the Class. Mr. Rein is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of Mr. Rein's Motion to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel ("Miller Decl.") at Exhibit A (Rein PSLRA Certification) and Exhibit B (Rein Loss Chart), Mr. Rein has suffered substantial losses as a result of his purchases of Dutch Bros common stock between March 1, 2022 and May 11, 2022, inclusive (the "Class Period"). *See* Miller Decl. at Ex. A, Ex. B. To the best of his knowledge, Mr. Rein has sustained the largest losses of any investor(s) seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Rein's Declaration, submitted herewith, demonstrates his intent to serve as Lead Plaintiff in this matter, including his cognizance of the duties of serving in that role. *See* Miller Decl. at Exhibit D (Rein Declaration). Moreover, Mr. Rein satisfies both the applicable requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 23 of the Federal Rules of Civil Procedure.

Accordingly, Mr. Rein respectfully submits this memorandum of law in support of his motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (1) appointing Mr. Rein as Lead Plaintiff; and (2) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

## II.    PROCEDURAL BACKGROUND

The lawsuit against Defendants, *Jerry Peacock, et al. v. Dutch Bros Inc., et al.*, No. 1:23-cv-01794-JLC-PAE (the "*Peacock* Action"), was filed in the Southern District of New York on March 1, 2023. Pursuant to 15 U.S.C § 78u-4(a)(3)(A)(i), on the following day, the first notice that a class action had been initiated against Defendants was published over *Business Wire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than May 1, 2022. *See* Miller Decl. at Exhibit C (Statutory Notice).

Mr. Rein is a Class Member who has timely filed this motion within the 60-day period following publication of the March 2, 2023 Notice. *See* Miller Decl. at Ex. C.

### III.   FACTUAL BACKGROUND[1]

Dutch Bros operates and franchises drive-thru coffee shops and sells and distributes coffee and coffee-related products and accessories. ¶ 2. Dutch Bros operates 572 shops in 12 U.S. states, 310 of which are company-operated and 262 of which are franchised. ¶ 3. Dutch Bros' common stock is listed on the New York Stock Exchange ("NYSE") under the ticker symbol "BROS." ¶ 13.

On March 1, 2022, the first day of the Class Period, Dutch Bros held a conference call with analysts and investors to discuss the Company's financial results for the fourth quarter of 2021 (the "4Q21 Earnings Conference"). ¶ 17. During the 4Q21 Earnings Conference Defendant Jonathan Ricci, the Company's President and Chief Executive Officer ("CEO"), stated, with respect to Dutch Bros' margins, that "[w]hile *we are not immune to margin pressures*," the Company was "*managing it appropriately*…." *Id.* (emphasis in original). Defendant Ricci went on to state that "*we are feeling good as we enter '22 with the trajectory of our margins, given everything going on*," and "*we're just not feeling compression in margins.*" ¶ 18-19 (emphasis in original).

These and other alleged statements were materially false and/or misleading because Defendants failed to disclose material adverse facts regarding the Company's business, operations, and prospects, and specifically that that: (i) the Company was experiencing increased costs and expenses, including on dairy; (ii) that, as a result, the Company was experiencing increased margin pressure and decreased profitability in the first quarter of 2022; and (iii) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 21.

---

[1] These facts were derived from the Complaint filed in the *Peacock* Action. All "¶ __" references herein are to the *Peacock* Complaint.

The truth was revealed when, on May 11, 2023, Dutch Bros issued a press release announcing its financial results for the first quarter of 2022 (the "1Q21 Earnings Release"). ¶ 22. The 1Q21 Earnings Release reported a net loss of $16.3 million and an adjusted net loss of $2.5 million, or $0.02 per share, which fell below analysts' expectations of earnings of $0.01 per share. *Id.* The 1Q21 Earnings Release further quoted Defendant Ricci as stating, "***record inflation [] surpassed our expectations and pressured margins in our company-operated shops.***" *Id.* (emphasis in original). On the same day, after the market closed, the Company held a conference call with analysts and investors to discuss the Company's financial results for the first quarter of 2022 (the "1Q22 Earnings Conference"). ¶ 23. During the 1Q22 Earnings Conference Defendant Ricci stated that, "***[u]nfortunately, in this part quarter, a confluence of cost pressures overwhelmed our decisions around price and resulted in near-term margin compression.***" *Id.* (emphasis in original). On this news, Dutch Bros' share price fell $9.26, or 26.9%, to close at $25.11 per share on May 12, 2022. ¶ 26. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Rein and other Class members suffered significant losses and damages.

## IV.    ARGUMENT

### A.    Mr. Rein is the Presumptive "Most Adequate Plaintiff" and the Court Should Appoint Him Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B). It provides that, within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service informing class members of their right to move the Court, within sixty (60) days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i); *see generally Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

4

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court must then consider any motion made by class members and appoint as lead plaintiff that movant the Court determines to be most capable of adequately representing the interests of class members. *See generally Sofran*, 220 F.R.D. at 401. Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

(aa)   has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Rein respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a lead plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1.   Mr. Rein Filed a Timely and Procedurally Complete Motion for Lead Plaintiff

Under the PSLRA, the first plaintiff to file an action must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service and members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Here, notice was published on *Business Wire* on March 2, 2023, and specified that applications for appointment as Lead Plaintiff were to be made no later than May 1, 2023. *See* Miller Decl. at Ex. C. Publication by a national firm like *Business Wire* is an adequate means of meeting the PSLRA

statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g.*, *Carptenter v. Oscar Health*, Inc., No. 22-cv-03885, 2022 U.S. Dist. LEXIS 175319, at *6 (S.D.N.Y. Sep. 27, 2022) (concluding that publication of a "press release in Business Wire was an appropriate means of satisfying the PSLRA's notice requirement"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004) (holding that *Business Wire* "is a suitable vehicle for meeting the statutory requirement that notice be published"). Thus, the notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

In light of the fact that the original notice was published on March 2, 2023, the appropriate deadline for application to be lead plaintiff is May 1, 2023. *See* Miller Decl. at Ex. C; Fed. R. Civ. P. 6. Mr. Rein has therefore timely filed his motion. Moreover, with that motion, Mr. Rein has signed and submitted the required Certification in which he certifies his trading history during the Class Period and confirms his willingness and ability to serve as Lead Plaintiff, thereby satisfying the certification requirement set forth in 15 U.S.C. § 78u-4(a)(2)(A). *See* Miller Decl. at Ex. A. Additionally, Mr. Rein has executed a Declaration detailing, *inter alia*, his biographical information, professional credentials, and investment experience. *See* Miller Decl. at Ex. D. Accordingly, Mr. Rein has filed a timely and procedurally complete motion for lead plaintiff in response to a notice that satisfies the statutory requirements.

2.    **Mr. Rein Has the Largest Known Financial Interest in the Relief Sought**

During the Class Period, as evidenced by the accompanying signed Certification, Mr. Rein purchased Dutch Bros securities in reliance upon Defendants' materially false and misleading statements and omissions and was injured thereby. *See* Miller Decl. at Ex. A. In addition, Mr. Rein incurred a substantial loss on his transactions in Dutch Bros securities. *See* Miller Decl. at Ex. B.

To the best of his knowledge, Mr. Rein thus has the largest financial interest in the relief sought. Therefore, Mr. Rein satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to and 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Mr. Rein "Otherwise Satisfies" the Prima Facie Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As outlined above, to be afforded the presumption in step two, a movant need only make a *prima facie* showing that it is otherwise typical and adequate. That *prima facie* determination should be based on the information the movant has provided in its pleadings and declarations only, and rebuttal evidence introduced by competing movants should specifically not be considered during this second step analysis. Here, Mr. Rein easily satisfies these minimal, *prima facie* requirements.

### B. Mr. Rein's Claims Are Typical of the Claims of All the Class Members

Under Federal Rule of Civil Procedure 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004) (same).

In this case, the typicality requirement is met because Mr. Rein's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Mr. Rein and all the other Class Members: (1) purchased Dutch Bros securities during the Class Period; (2) purchased Dutch Bros securities in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the unit price. Mr. Rein's claims are typical of those of other Class Members since his claims and the claims of other Class Members resulted from the same illegal practices.

### C.    Mr. Rein Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the movants to the existence of any conflicts between the interests of the movants, on the one hand, and the members of the Class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Rein is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Rein, who purchased Dutch Bros securities at prices that were artificially inflated by Defendants' materially false and misleading statements and was harmed when the truth was revealed and the artificial inflation was removed from the price of those securities, his interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Rein's interests and those of the other members of the Class. Furthermore, Mr. Rein has retained competent and experienced counsel to prosecute these claims. Mr. Rein's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a

professional manner. Thus, Mr. Rein *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### D.   THE COURT SHOULD APPROVE MR. REIN'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiffs shall, subject to court approval, select and retain counsel to represent the class they seek to represent. Courts have refrained from disturbing lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 155 (D.N.J. 2000) (citation omitted); *see also In re Nortel Networks Corp.*, No. 01-cv-1855, 2002 U.S. Dist. LEXIS 1633, at *2 (S.D.N.Y. Feb. 4, 2002) (same).

Here, Mr. Rein has selected KSF to be Lead Counsel for the Class. As reflected in its firm resume, KSF is more than qualified to work as lead counsel to prosecute the claims of the class. *See* Miller Decl. at Exhibit E (KSF Firm Resumé). With lawyers in Louisiana, New York, Chicago, New Jersey, and California dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *Id.*

KSF has achieved numerous litigation successes serving as lead, co-lead, or executive committee counsel in other securities class actions. *See* Miller Decl. at Ex. E, citing *Pearlstein v. BlackBerry Limited, et al.*, No. 13-cv-7060 (S.D.N.Y.) (final approval of $165 million settlement – the fourth largest securities class action settlement of 2022 – granted after 9 years of litigation on September 29, 2022); *In re Chicago Bridge & Iron Co. N.V. Secs. Litig.*, No. 17-cv-1580 (S.D.N.Y) (final approval of $44 million settlement granted on August 2, 2022); *Farrar v.*

9

*Workhorse Group, et al.*, 21-cv-02072 (C.D. Cal.) (preliminary approval of $35 million settlement gratned on February 14, 2023). KSF also served as special counsel and court-appointed Co-Counsel to the lead plaintiff in *The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 02-cv-1152 (N.D. Tex.), a case that resulted in a $100 million settlement after two trips to the Supreme Court on class certification issues. As these cases demonstrate, KSF possesses the requisite experience and knowledge litigating complex securities cases.

Thus, the Court may be assured that, in granting this motion, the Class will continue to receive legal representation of the highest caliber.

## V.    CONCLUSION

For all of the foregoing reasons, Mr. Rein respectfully requests that this Court: (1) appoint Mr. Rein to serve as Lead Plaintiff; (3) approve his selection of KSF as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: May 1, 2023                          Respectfully submitted,

                                            **KAHN SWICK & FOTI, LLC**


                                            */s/ Kim E. Miller*
                                            Kim E. Miller (NY-6996)
                                            250 Park Avenue, 7th Floor
                                            New York, NY 10177
                                            Telephone: (212) 696-3732
                                            Facsimile: (504) 455-1498
                                            E-Mail: kim.miller@ksfcounsel.com

                                            -and-

                                            Lewis S. Kahn
                                            1100 Poydras Street, Suite 960
                                            New Orleans, LA 70163
                                            Telephone: (504) 455-1400
                                            Facsimile: (504) 455-1498
                                            E-Mail: lewis.kahn@ksfcounsel.com


                                            *Counsel for Lead Plaintiff Movant Douglas Rein*
                                            *and Proposed Lead Counsel for the Class*

10

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on May 1, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the e-mail addresses on the Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to non-CM/ECF participants.

*/s/ Kim E. Miller*
Kim E. Miller

11