**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERRY PEACOCK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DUTCH BROS INC., JONATHAN RICCI, and CHARLES L. JEMLEY, <br><br> Defendants. | Civil Action No. 1:23-cv-01794-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY**
**MOVANT MICHAEL RICE FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

      I.       RICE IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF ..................................................... 3

              A.      Rice Filed a Timely Motion ........................................................................... 4

              B.      Rice Has the Largest Financial Interest in the Relief Sought by the Class .................................................................................................... 4

              C.      Rice Satisfies Rule 23 .................................................................................... 5

      II.     RICE'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED ..................................................................................................................... 7

CONCLUSION .............................................................................................................................. 8

i

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Constance Sczesny Tr. v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ...............................................................................................6

*In re NYSE Specialists Sec. Litig.*,
  240 F.R.D. 128 (S.D.N.Y. 2007) ...............................................................................................3

*Peters v. Jinkosolar Holding Co., Ltd.*,
  No. 11 Civ. 7133(JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ......................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................................1, 6

*Taft v. Ackermans*,
  No. 02 Civ. 7951(PKL), 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003) ......................................6

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) .........................................................................................4, 5, 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008).....................................................................................5, 6

**STATUTES, RULE & REGULATIONS**

15 U.S.C.
  §78u-4(a)(1) ...............................................................................................................................3
  §78u-4(a)(3)(A)(i).....................................................................................................................3, 4
  §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I)...............................................................................................3
  §78u-4(a)(3)(B).........................................................................................................................1
  §78u-4(a)(3)(B)(i) ....................................................................................................................1, 4
  §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ...............................................................................................2, 4
  §78u-4(a)(3)(B)(iii)(II)(aa) ......................................................................................................7
  §78u-4(a)(3)(B)(v) ...................................................................................................................7

FED. R. CIV. P. 42(a) .....................................................................................................................3

Putative Class member and Lead Plaintiff movant Michael Rice ("Rice" or "Movant"), on behalf of himself and all others similarly situated, respectfully submits this Memorandum of Law in support of his Motion to: (1) appoint Rice as Lead Plaintiff of the above-captioned securities class action; (2) approve Rice's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (3) grant such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of all persons or entities that purchased or otherwise acquired Dutch Bros, Inc. ("Dutch Bros" or the "Company") securities between March 1, 2022 and May 11, 2022, inclusive (the "Class Period"). The action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), provides that a court must appoint as lead plaintiff the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i); *see, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).[2] Michael Rice is the most adequate plaintiff because he timely moved to be lead plaintiff, has the largest financial interest in

---

[1]    Defined terms have the same definitions as in the complaint filed in this action on March 1, 2023 (the "Complaint"). ECF No. 1. Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint.

[2]    Unless otherwise indicated, citations are omitted.

the litigation,[3] and satisfies the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Rice's Motion should be approved in its entirety.

## **FACTUAL BACKGROUND**

Defendant Dutch Bros operates and franchises drive-thru coffee shops and sells and distributes coffee and coffee-related products and accessories.  ¶2.  The Company is incorporated in Delaware, with its principal executive offices located in Grants Pass, Oregon.  Dutch Bros' class A common stock trades on the New York Stock Exchange ("NYSE") under the symbol "BROS."  ¶13.

On March 1, 2022, two-thirds of the way through the Company's first quarter of 2022, Dutch Bros held a conference call to discuss its fourth quarter and full year 2021 results.  ¶3.  On the call, Defendants made numerous statements reassuring investors that the Company's first quarter 2022 results would be positive, and in particular that the Company's margins were healthy.  ¶3.  A little over two months later, on May 11, 2022, after the market closed, the Company issued a press release announcing poor financial results for the first quarter of 2022.  ¶4.  Therein, the Company reported a net loss of $16.3 million, compared to a net loss of $4.8 million for the first quarter of 2021, and an adjusted net loss of $2.5 million.  ¶4.  The same day, the Company explained its poor performance by pointing to the Company's margins.  ¶5.  On this news, Dutch

---

[3]    Movant's certification identifying his Dutch Bros transactions during the Class Period, as required by the PSLRA, as well as a chart identifying his losses, are respectively attached as Exs. 2-4 to the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed in support hereof.

Bros' share price fell $9.26, or 26.9%, to close at $25.11 per share on May 12, 2022, injuring Movant and the putative Class.  ¶6.

This action, filed on March 1, 2023, alleges that Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects during the Class Period.  ¶7.  Specifically, the action alleges Defendants failed to disclose to investors: (1) that the Company was experiencing increased costs and expenses, including on dairy; (2) that, as a result, the Company was experiencing increased margin pressure and decreased profitability in the first quarter of 2022; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.  *Id.*

## ARGUMENT

### I.    RICE IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B).  First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i).  Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, "the Court is required to appoint the 'most adequate plaintiff' as lead plaintiff." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 141 (S.D.N.Y. 2007) (quoting 15 U.S.C. §78u-

4(a)(3)(B)(i)).  Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009).  First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44.  The Rule 23 element of the presumption necessitates only a "'preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23.'"  *Id.* at 344.  Second, so long as the presumption is not rebutted, the "most adequate plaintiff" shall be appointed the lead plaintiff.  *Id.*  As demonstrated below, Rice meets these requirements and should be appointed to serve as Lead Plaintiff.

### A.    Rice Filed a Timely Motion

On March 2, 2023, the day after the action was filed, a notice of pendency was published on *BusinessWire*, a national, business-oriented newswire service.  *See* Laughlin Decl., Ex. 1.  The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met.  The Early Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment within 60 days of publication of the Early Notice (*i.e.*, by May 1, 2023).  *See id.*

Rice's motion for appointment as Lead Plaintiff is timely filed.  Moreover, Rice submits herewith a certification stating his willingness to serve as a representative party on behalf of the Class and providing his Class Period transactions.  *See* Laughlin Decl., Ex. 2.

### B.    Rice Has the Largest Financial Interest in the Relief Sought by the Class

"Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares

purchased during the class period . . . ; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered.'" *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at \*5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by his PSLRA certification and charts detailing transactions and losses filed herewith, Rice purchased, or otherwise acquired, Dutch Bros securities during the Class Period and suffered losses as a result of Defendants' alleged misconduct. *See* Laughlin Decl., Exs. 2-3. Specifically, Rice suffered losses of approximately $23,000 and therefore has a significant financial interest in this case. *Id.*, Ex. 4.

### C.    Rice Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at (B)(iii)(I)(cc). Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be '"preliminary.'" *Tronox*, 262 F.R.D. at 344. Rice easily makes this preliminary showing.

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (internal

quotations omitted).  Here, the claims asserted by Rice are typical of the claims of the other members of the putative Class because, like all other Class members, he: (a) purchased, or otherwise, acquired Dutch Bros securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof.  Since Rice's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.  *See similarly Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.  *See Tronox*, 262 F.R.D. at 343.  Rice is "adequate" to serve as class representative in the instant litigation because his interests are aligned with the interests of the putative Class.  Rice, like all other members of the Class, suffered losses as a result of purchasing Dutch Bros securities at prices that were artificially inflated due to Defendants' alleged misstatements.  Rice will, therefore, benefit from the same relief as other Class members.  Rice has also demonstrated that he is an adequate representative by retaining competent and experienced counsel.  *See LaBranche*, 229 F.R.D. at 413 (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same).  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Rice has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion.

## II.      RICE'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the appointed lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Thus, the Court should not disturb a lead plaintiffs' choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Rice selected the law firm of Scott+Scott to represent the Class.  Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this Action.  *See* Laughlin Decl., Ex. 5 (Firm Resume). Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[4]

Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Group*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Southern District of New York stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case.  Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class.  Lead Plaintiffs' counsel are among

---

[4]      Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

7

the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott is also currently serving as lead or co-lead counsel in securities fraud class actions in this Court and across the country. *See Pompano Beach Police and Firefighters Retirement System v. Olo Inc.*, No. 22-cv-8228 (S.D.N.Y) (appointed lead counsel); *Jochims v. Oatly Group AB*, No. 22-cv-6360 (S.D.N.Y.) (appointed lead counsel); *Zhou v. NextCure, Inc.*, No. 20-cv-7772 (S.D.N.Y.) (appointed lead counsel); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-6750 (N.D. Cal.); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936 (N.D. Cal.); *City of Birmingham Relief and Retirement System v. Acadia Pharmaceuticals Inc.*, No. 21-cv-762 (S.D. Cal.); *Golubowski v. Robinhood Markets*, No. 21-cv-9767 (N.D. Cal.); *Strezsak v. Ardelyx Inc.*, No. 21-cv-5868 (N.D. Cal.).

In light of the foregoing, the Court should approve Rice's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Rice's choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Rice respectfully requests that the Court: (1) appoint him as Lead Plaintiff on behalf of the Class; (2) approve his selection of counsel, Scott+Scott, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  May 1, 2023

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
 */s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
Jonathan Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

8

Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant Michael Rice
and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff
Movant Michael Rice*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I caused the foregoing to be electronically filed with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

email addresses denoted on the Electronic Mail Notice List.

 */s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV

10