

Gregory B. Linkh
glinkh@glancylaw.com
230 Park Ave, Suite 530
New York, New York 10169
T: (212) 682-5340

July 26, 2023

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge for the
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: *Peacock v. Dutch Bros, Inc., et al.*, Case No. 1:23-cv-01794-PAE
   *Hudson v. Ricci, et al.*, Case No. 1:23-cv-05010-PAE
   *Wakefield v. Ricci, et al.*, Case No. 1:23-cv-05653-PAE
   *Boster v. Ricci, et al.*, Case No. 1:23-cv-06186-PAE

Dear Judge Engelmayer:

We write jointly on behalf of the plaintiffs in the above-captioned actions in response to Your Honor's July 24, 2023 order to inform the Court that they will not seek to consolidate the *Peacock* action with the Derivative Actions, thus they will not seek to propose an alternative lead plaintiff structure.[1] Although the four actions allege substantially similar facts relating to Dutch Bros, Inc. ("Dutch Bros" or the "Company"), the *Peacock* action and the Derivative Actions are brought by differently-situated plaintiffs against different defendants alleging different claims such that consolidation is inappropriate.

The *Peacock* action is a class action that alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, *et seq. See* ECF No. 1, ¶¶ 45-59. It is brought **against** the Company and certain executives and seeks monetary damages. ECF No. 1 at 21. The PSLRA sets forth procedural requirements, including a stay of proceedings pending defendants' motion to dismiss (subject to certain exceptions) and a heightened pleading standard. 15 U.S.C. § 78u-4(b); *see also* Fed. R. Civ. Proc. 9(b).

---

[1] This letter is filed by plaintiffs in the actions, as well as the competing lead plaintiff movants in the *Peacock* action. Citations to the docket refer to the *Peacock* action, unless otherwise specified. The three other actions are collectively referred to as the "Derivative Actions."

The Honorable Paul A. Engelmayer
July 26, 2023
Page 2

Meanwhile, the Derivative Actions are brought by current shareholders of Dutch Bros alleging breaches of fiduciary duty and related claims. *See Hudson* action, Case No. 1:23-cv-05010, ECF No. 1, ¶¶ 126-158; *Wakefield* action, Case No. 1:23-cv-05653, ECF No. 1, ¶¶ 102-123; *Boster* action, Case No. 1:23-cv-06186, ECF No. 1, ¶¶ 105-132. They are brought **on behalf of** the Company against certain executives and members of the Board of Directors, seeking monetary damages and declaratory relief. *See, e.g.*, *Hudson* action, ECF No. 1 at 48-50.

Due to these differences, courts typically decline to consolidate securities and derivative actions. *In re Bear Stearns Cos. Sec., Deriv. & ERISA Litig.*, 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5, 2009) (recognizing that the "more common approach" is to allow these actions to proceed separately) (collecting cases); *see also Zhang v. Aterian et al.*, 2021 WL 5113141, at *1 (S.D.N.Y. Nov. 3, 2021) (deconsolidating securities and derivative actions upon derivative plaintiffs' objection); *Sanders v. VeriFone Sys., Inc.*, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013) (declining consolidation because "the two have varying procedural and substantive requirements"); *Rochester Laborers Pension Fund v. Monsanto Co.*, 2010 WL 3842549, at *1 (E.D. Mo. Sept. 28, 2010) ("consolidation would likely delay proceedings and lead to confusion and inefficiency").

Consolidation and an alternate lead plaintiff structure is also inappropriate because the plaintiffs are not similarly situated. The *Peacock* action is a class action, and the PSLRA provides a process for the appointment of a lead plaintiff based on, among other things, a determination of which movant has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The shareholder-plaintiffs in the Derivative Actions, in contrast, must satisfy the standing requirements of Federal Rule of Civil Procedure 23.1.[2]

Therefore, the undersigned respectfully submit that the *Peacock* action should not be consolidated with the Derivative Actions. We are available at the Court's convenience should Your Honor have any questions.

---

[2] The plaintiffs in the Derivative Actions will file a stipulation regarding the consolidation and appointment of leadership for plaintiffs shortly.

The Honorable Paul A. Engelmayer
July 26, 2023
Page 3

Respectfully,

*/s/ Gregory B. Linkh*
Gregory B. Linkh
*Counsel for Plaintiff Jerry Peacock and Lead Plaintiff Movant Tyler Scheinost*

*/s/ Timothy Brown*
Timothy Brown
*Counsel for Plaintiff Brennan Hudson*

*/s/ Phillip Kim*
Phillip Kim
*Counsel for Plaintiff Darren Wakefield*

*/s/ Timothy J. MacFall*
Timothy J. MacFall
*Counsel for Plaintiff Amanda Boster*

*/s/ Kim E. Miller*
Kim E. Miller
*Counsel for Lead Plaintiff Movant Douglas Rein*

cc:    All counsel of record (via ECF)